IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 06-cv-2065-JLK

QUIZNO'S FRANCHISING II LLC,

    Plaintiff,
v.

GILCO, INC.,
SCOTT A. GILBERT, and
LORI P. GILBERT,

    Defendants.
_____

# ORDER REMANDING TO STATE COURT
_____

Kane, J.

    Plaintiff Quizno's Franchising II LLC ("Quiznos") filed this breach of contract action against its Defendant franchisees in Colorado District Court for the City and County of Denver. On October 17, 2006, Defendants removed the action to this court on diversity grounds. Quiznos moved to remand on November 15, and Defendants responded on November 27. Further briefing on the motion was then stayed at the parties' request based on their agreement in principle to resolve this and a related case through non-judicial means. On January 16, however, the parties reported that this agreement had failed due to a third-party's refusal to participate in the planned mediation-arbitration. On January 19, Quiznos filed its reply in support of remand, which renders its motion to remand ripe for decision.

Quiznos argues that Defendants waived the right to remove this case to federal court when they agreed in the Franchise Agreement not to object to venue in the Denver District Court.  *See* Franchise Agreement, § 21.1.  Defendants counter that the contractual provision upon which Quiznos relies is not a clear and unequivocal waiver of the right to remove and hence does not bar removal of this action.  In the last two months, two judges in this district have considered these same arguments with respect to the same contractual provision and have reached opposite results.  In *QFA Royalties LLC v. Petke*, No. 06-cv-01633-WDM, decided November 13, 2006, Judge Miller accepted Quiznos' arguments and authority and remanded the action before him to Denver District Court.  In *QFA Royalties LLC v. Bogdanova*, No. 06-cv-01776-LTB, and *QFA Royalties LLC v. Majed*, No. 06-cv-01506-LTB, decided November 21 and December 1, respectively, Chief Judge Babcock rejected these arguments and denied Quiznos' motion to remand.

While the decisions of both Chief Judge Babcock and Judge Miller are well-reasoned, I join Judge Miller's view for the reasons stated in his November 13, 2006 Order to Remand.  In doing so, I also rely on the strong policy disfavoring removal and the underlying principle of comity which is best supported by keeping cases in the jurisdiction first invoked unless required to do otherwise.  Here the issue is essentially a matter of discernment and not requirement.  Accordingly, I find the waiver of objections to venue stated in section 2.1 of the Franchise Agreement precludes Defendants from objecting to venue in Denver District Court by removing this action to federal court.

Defendants in this case also made several arguments against enforcement of the forum selection clause that were not addressed by Chief Judge Babcock or Judge Miller in their decisions. These include that no waiver can be established because Defendants did not know they had a statutory right to remove an action from state to federal court when they signed the Franchise Agreement and that it would be unfair and unreasonable for this and other reasons to enforce the choice of venue provision against Defendants. I have considered these arguments but do not find them persuasive.

Quiznos also seeks an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 711 (2005). This action does not present any unusual circumstances and, while I disagree with Defendants' reading of the subject forum selection clause, I do not find this reading objectively unreasonable in light of the conflicting authority cited by the parties. Accordingly, I deny Quizno's request for an award of attorneys' fees and costs.

For the reasons stated above, I GRANT Quizno's Motion for Remand (Doc. 6), DENY its request for attorneys' fees and costs, and ORDER the Clerk of the Court to remand this action to the District Court of the City and County of Denver.

Dated this 22nd day of January, 2007.

                                          BY THE COURT:

                                        s/John L. Kane
                                        Senior Judge, U.S. District Court